# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| DEPUY SYNTHES SALES, INC., <br> 325 Paramount Drive, <br> Raynham, MA 02767, <br><br> Plaintiff, <br><br> v. <br><br> ORTHOLA, INC., <br> 4112 Del Rey Avenue, <br> Marina Del Rey, CA 90292; and <br><br> BRUCE A. CAVARNO, <br> 11627 Walnut Street, <br> Redlands, CA 92374, <br><br> Defendants. | Civil Action No. 1:19-cv-1069 |

## PETITION TO COMPEL ARBITRATION AND ENJOIN PROCEEDINGS UNDER THE SALES REPRESENTATIVE AGREEMENT

Plaintiff DePuy Synthes Sales, Inc. ("Plaintiff" or "DePuy Synthes"), by and through its undersigned attorneys, files this Petition to Compel Arbitration pursuant to Section 4 of the Federal Arbitration Act (the "FAA"), 9 U.S.C. § 4, against Defendants OrthoLA, Inc. ("OrthoLA") and Bruce A. Cavarno ("Cavarno") (collectively, "Defendants") and to enjoin Defendants from proceeding with their California state court action under the Anti-Injunction Act, 28 U.S.C. § 2283, and in support thereof avers as follows:

## INTRODUCTION

1. This is an action to compel Defendants to arbitrate claims that are the subject of a pending arbitration filed by DePuy Synthes with the American Arbitration Association ("AAA") in Indiana in connection with a November 30, 2015 Sales Representative Agreement ("SRA")

entered into between DePuy Synthes and Defendants, and to enjoin Defendants from proceeding with a lawsuit they initiated against DePuy Synthes' contractual designee in the Superior Court of Los Angeles County, California on October 25, 2018 (the "California State Court Litigation").

## PARTIES

2. Plaintiff DePuy Synthes Sales, Inc. is a Massachusetts corporation with a principal place of business in Raynham, Massachusetts and is an entity within the Johnson & Johnson Family of Companies. DePuy Synthes is a worldwide leader in the highly competitive medical device industry and designs, manufactures, markets, and sells medical implants and instrumentation such as plates, screws, nails, and other devices used in orthopedic surgeries for internal fixation of broken bones, joint reconstruction and replacement, and for spinal and maxillofacial surgery. DePuy Synthes' Joint Reconstruction Business, which is the business at issue in this matter, maintains its principal place of business in Warsaw, Indiana. DePuy Synthes sells, markets, and distributes its Joint Reconstruction product line through exclusive distributors who are assigned to specific sales territories in certain geographic areas. These exclusive distributors are independent, lucrative businesses which derive substantial amounts of money from commissions and growth incentives within their assigned territory.

3. Defendant OrthoLA, Inc. is a California corporation with a principal place of business in Los Angeles County, California and a business address at 4112 Del Rey Avenue, Marina Del Rey, CA 90292.

4. Defendant Bruce A. Cavarno is an individual residing at 11627 Walnut Street, Redlands, CA 92374.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this case presents a federal question under 9 U.S.C. § 4.

6. This Court also has subject matter jurisdiction under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the parties. DePuy Synthes is a citizen of a different state from any of the Defendants, and the amount in controversy, to the extent measured and calculable by monetary damages, exceeds the sum or value of $75,000, exclusive of interest and costs.

7. Personal jurisdiction exits over Defendants, and venue in this judicial district is proper, because Defendants expressly agreed to arbitrate any controversy or claim relating to the SRA with DePuy Synthes in Indianapolis, Indiana. (A true and correct copy of the November 30, 2015 SRA is attached to this Petition as Exhibit "A.").

## FACTS SUPPORTING PETITION TO COMPEL
## ARBITRATION AND ENJOIN PROCEEDINGS

8. DePuy Synthes and Defendants have been in a commercial relationship for nearly ten years.

9. On or about September 29, 2008, DePuy Synthes, OrthoLA, and Cavarno entered into a Sales Representative Agreement whereby DePuy Synthes appointed Defendants as its exclusive sales distributor for certain categories of Joint Reconstruction products sold by DePuy Synthes in and around Los Angeles.

10. The parties renewed their agreement over the course of their relationship, most recently in the November 30, 2015 SRA. This agreement was negotiated between the parties with the assistance of legal counsel on each side. (*See* Ex. A)

3

11. The SRA established the terms and conditions of the parties' commercial relationship and the obligations they owed to one another. The SRA also contained a mandatory, binding arbitration provision whereby the parties agreed that "*[a]ny controversy or claim arising out of or relating to*" the SRA would be resolved by arbitration. (*Id.* at § 14.1 (emphasis added))

12. The parties further agreed under the SRA that arbitration would be held in Indianapolis, Indiana and that the arbitrator would apply the substantive law of Indiana. (*Id.* at § 14.1) The SRA further expressly states that the arbitrator *shall apply the FAA to matters involving the enforcement and interpretation of the arbitration provision*. (*Id.*)

13. Throughout the course of the parties' nearly ten-year working relationship, Defendants earned millions of dollars as the exclusive distributor of DePuy Synthes products in the Los Angeles territory.

14. Section 12.10 of the SRA provided that at DePuy Synthes' request, and from notice of non-renewal or termination of the SRA and through the effective date of termination or expiration, Defendants were required to:

- "*immediately* permit [DePuy Synthes] or [DePuy Synthes'] designee, at [DePuy Synthes'] election, to communicate with, solicit, contract with, hire or otherwise engage any Personnel of [Defendants]; and
- *immediately* release [DePuy Synthes] and any designee of [DePuy Synthes] from all claims that [Defendants] may have relating to [DePuy Synthes'] or [DePuy Synthes'] designee's communication with, solicitation, hiring or engagement of such Personnel."

(Ex. A § 12.10(b)-(c) (emphasis added))

15. Further, under Section 12.11 of the SRA, Defendants were required, upon DePuy Synthes' request, and from notice of non-renewal or termination of the SRA and for a period of six months thereafter, to provide transitional services to assist in the transition of DePuy

Synthes' business to any other representative, principal, or employee designated by DePuy Synthes. (*Id.* § 12.11)

16. Pursuant to Section 12.1 of the SRA, the SRA was set to expire on December 30, 2017. Prior to the expiration of the SRA, the parties attempted (with the assistance of counsel on each side) to re-negotiate the terms of the agreement. During this time, the parties agreed to an extension of the SRA through January 7, 2018 so that the parties could continue their negotiations. The parties were ultimately unable to reach an agreement and the SRA expired on January 7, 2018.

17. Following the expiration of the SRA, and consistent with its terms, including Section 12.10, DePuy Synthes assigned Defendants' former sales territory to one of its other exclusive distributors in California, Golden State Orthopaedics, Inc. ("GSO"), and its founder, Bradford LaPoint ("LaPoint"). GSO, along with its employees and agents, are, therefore, the designee of DePuy Synthes for all transition purposes pursuant to Section 12.10 and Section 12.11 of the SRA.

18. As DePuy Synthes' designee, and in accordance with Section 12.10 and Section 12.11 of the SRA, GSO and LaPoint entered into contracts with certain sales representatives of Defendants, engaging them as independent sales representatives of GSO to continue their sale of DePuy Synthes products in the Los Angeles territory.

19. Defendants failed to meet their obligations to DePuy Synthes or GSO as required under Section 12.11 of the SRA.

20. Instead, and despite Defendants' affirmative obligations under Section 12.10 to "*immediately permit*" DePuy Synthes and its designee—GSO and LaPoint—to contact and engage their sales representatives and to "*immediately release*" all claims relating to such

5

conduct and in direct violation of Defendants' arbitration obligations, on or about August 7, 2018, Defendants filed a lawsuit in Alameda County, California against DePuy Synthes' designee, GSO and LaPoint, for tortious interference and unfair competition as a result of GSO and LaPoint's alleged "wrongful solicitation" of Defendants' sales representatives and their alleged "interference" with Defendants' sales representatives' agreements.

21. Defendants did not assert any claims against DePuy Synthes for breach of the SRA or for tortious interference or unfair competition. Instead, Defendants asserted claims against DePuy Synthes in violation of their arbitration obligations for alleged breach of a separate November 30, 2015 Continuing Income Agreement ("CIA"). Following expiration of the SRA, DePuy Synthes agreed to pay Defendants substantial amounts of money over a period of ten (10) years, ***provided*** Defendants did not engage in direct competitive activities. Defendants claim that these payments should be made even though they are in breach of the non-competition obligations.

22. Defendants voluntarily dismissed their state court action in Alameda County and, on October 25, 2018, re-filed the same lawsuit in Los Angeles County, adding an additional defendant, Kevin Fryxell, to their tort claims (GSO, LaPoint, and Fryxell are collectively referred to as the "GSO Parties").

23. By filing the California State Court Litigation and asserting claims for tortious interference and unfair competition against the GSO Parties, Defendants have violated, and are continuing to violate, the express terms of the SRA. The provisions in Section 12.10 expressly authorized DePuy Synthes and its designee (here, the GSO Parties) to solicit and enter into contracts with their sales representatives at the expiration of the SRA and contractually released DePuy Synthes ***and its designee*** from any liability in connection with the solicitation of and/or

contractual relationships with these sales representatives. The provisions in Section 12.11 of the SRA imposed an affirmative obligation on Defendants to provide transitional assistance as opposed to bringing a lawsuit. Defendants' California action against the GSO Parties is therefore a direct breach of the terms of the SRA.

24. As a result of Defendants' unlawful conduct, and consistent with the arbitration provisions in the SRA, DePuy Synthes has initiated an arbitration proceeding with the AAA. (A true and correct copy of DePuy Synthes' Demand for Arbitration is attached to this Petition as Exhibit "B."). In its demand, DePuy Synthes seeks a declaration that the actions taken by both DePuy Synthes and the GSO Parties, as DePuy Synthes' designee, in connection with the termination of the SRA and the transition of business from Defendants to the GSO Parties, including the GSO Parties' engagement with Defendants' sales representatives, were consistent with the express provisions of the SRA.  In addition, DePuy Synthes asserts a breach of contract claim to recover the damages that it has sustained, and will continue to sustain, as a result of Defendants' conduct in improperly asserting and maintaining their lawsuit in California in violation of the terms of Section 12.10 and Section 12.11 of the SRA, including the release and waiver terms.

25. Through this Petition, and in the accompanying Memorandum of Law in Support of this Petition incorporated herein by reference, DePuy Synthes seeks (a) an order compelling Defendants to arbitrate the claims which are the subject of its arbitration demand as required by the FAA and (b) an order in aid of the court's authority and obligation to enforce the FAA enjoining Defendants from proceeding with the California State Court Litigation. The issue in the arbitration will be determinative and control the outcome of any claims against DePuy Synthes' designee—the GSO parties—in the California State Court Litigation.

# COUNT I
# PETITION TO COMPEL ARBITRATION
# AND ENJOIN PROCEEDINGS

26. DePuy Synthes incorporates and re-alleges every allegation set forth above, as though fully set forth herein.

27. The Agreements among DePuy Synthes and Defendants, and the arbitration provisions contained in them, are valid and enforceable.

28. By initiating and maintaining their tort claims against the GSO Parties in the California State Court Litigation in violation of Section 12.10 of the SRA, Defendants have failed, neglected, and/or refused to arbitrate in accordance with the arbitration provisions in the SRA, entitling DePuy Synthes to relief under Section 4 of the FAA.

**WHEREFORE**, DePuy Synthes demands judgment in its favor and against Defendants, and respectfully requests the following relief:

   a. that the Court enter an order compelling Defendants, pursuant to 9 U.S.C. § 4, to arbitrate the claims which are the subject of the pending arbitration filed by DePuy Synthes with the AAA in Indiana in accordance with the arbitration provisions in the SRA; and

   b. that the Court enter an order pursuant to the Anti-Injunction Act, 28 U.S.C. § 2283, enjoining Defendants from proceeding with the pending California State Court Litigation against DePuy Synthes' designee, the GSO Parties.

                                        Respectfully submitted,

Dated: March 18, 2019          **ICE MILLER LLP**

                                        */s/ David J. Carr*
David J. Carr (Atty. No. 4241-49)
Paul C. Sweeney (Atty. No. 20392-29)
One American Square, Suite 2900
Indianapolis, Indiana 46282-0002
Telephone: (317) 236-2100
Fax: (317) 592-4810
E-mail: david.carr@icemiller.com
E-mail: paul.sweeney@icemiller.com

**BLANK ROME LLP**
Anthony B. Haller (*pro hac vice* motion to be filed)
Rosemary McKenna (*pro hac vice* motion to be filed)
One Logan Square
130 North 18th Street
Philadelphia, PA 19103-6998
Telephone: (215) 569-5690/5369
Facsimile: (215) 832-5690/5369
E-mail: Haller@BlankRome.com
E-mail: McKenna@BlankRome.com

*Attorneys for Plaintiff DePuy Synthes Sales, Inc.*